IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| HANOVER INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>BOZEMAN REAL ESTATE GROUP, TRACY KNOEDLER, and ANDREW HURLBURT,<br><br>Defendants,<br><br>and<br><br>RICHARD TUININGA, DAVENE TUININGA, SETH GIBSON, AMBER GIBSON, FREDERICK NYQUIST, and BRIDGETTE LARIN,<br><br>Defendant-Intervenors. | CV 24–2–BU–DWM<br><br>ORDER |

Having reached settlement, Plaintiff Hanover Insurance Company ("Hanover") and Defendants Bozeman Real Estate Group, Tracy Knoedler, and Andrew Hurlburt ("Defendants") (together, "Movants") jointly move for dismissal of the above-captioned case pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Doc. 74.) Defendant-Intervenors Richard and Davene Tuininga, Seth and Amber Gibson, Frederick Nyquist, and Bridgette Larin (together,

1

"Homeowner Intervenors") object to the motion and argue that Movants must produce an unrestricted copy of the settlement agreement pursuant to Rule 26 of the Federal Rules of Civil Procedure. (Doc. 77.)

For the reasons explained below, Movants' request to dismiss this action is granted over Homeowner Intervenors' objection, Homeowner Intervenors' counterclaims are dismissed, and the discovery dispute is moot.

## BACKGROUND

### I. The Policy and Underlying Actions

Hanover issued a Miscellaneous Advantage Professional Liability Insurance policy to Bozeman Real Estate Group bearing the policy number LHD-H841224-01 with a policy period from March 1, 2023 to March 1, 2024 (the "Policy"). (Doc. 23 at ¶ 5.) Relevant here, is the "Legal Action Against Us" provision of the Policy, which states, "[a] person or entity may sue Us to recover on an agreed settlement or on a final judgment against an Insured." (Doc. 23-1 at 18.)

Defendants sought coverage under the Policy for claims brought against them in four state cases: *Tuininga v. TCToo, LLC et al.*, Montana Eighteenth Judicial District Court, Gallatin County, Cause No. DV-16-2023-0000625-NE; *Larin v. TCToo, LLC et al.*, Montana Eighteenth Judicial District Court, Gallatin County, Cause No. DV-16-2023-0000762-BC; *Gibson v. TCToo, LLC et al.*, Montana Eighteenth Judicial District Court, Gallatin County, Cause No. DV-16-

2

2024-0000078-NE; and *Edwards v. TCToo, LLC et al.*, Montana Eighteenth Judicial District Court, Gallatin County, Cause No. DV-16-2024-0000425-NE (together, the "Underlying Actions") (Doc. 23 at ¶¶ 6–9.) Because the parties are familiar with facts of the Underlying Actions, they are not recounted here.

## II.   Instant Case

On January 5, 2024, Hanover brought this action against Defendants seeking a declaratory judgment that, pursuant to the Policy, Hanover has neither a duty to defend nor indemnify Defendants for allegations in the Underlying Actions. (Docs. 1, 3, 23.) The Homeowner Intervenors moved to intervene as defendants, (Doc. 26), and the Court granted their motion pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, (Doc. 28). Homeowner Intervenors asserted two counterclaims against Hanover seeking declaratory judgment that Hanover does have a duty to defend and a duty to indemnify. (Doc. 31.)

In July 2024, the parties requested a settlement conference, and a three-day conference was held in October 2024 before United States Magistrate Judge Kathleen DeSoto. (Docs. 29, 32, 34, 40, 41, 44.) Following that conference, Hanover moved for summary judgment. (Doc. 45.) Defendants and Homeowner Intervenors oppose. (Docs. 52, 61, 62.) On December 27, 2024, Homeowner Intervenors filed a cross-motion for summary judgment. (Doc. 64.) Hanover opposes. (Doc. 68.) The cross-motions for summary judgment are pending.

In December 2024, Hanover first raised the possibility of settlement with Defendants through a policyholder release. (Doc. 77 at 3.) In response, counsel for Homeowner Intervenors sent a series of emails to counsel for Hanover stating such an agreement would be unenforceable. (*Id.* at 4; Doc. 78-1.)

Upon the completion of cross-summary judgment briefing, Homeowner Intervenors invited Hanover to a settlement conference regarding a different action before Judge DeSoto on March 21, 2025. (Doc. 77 at 4; Doc. 81-1 at 11.) On March 18, 2025, counsel for Hanover advised counsel for Homeowner Intervenors of the policyholder release and that it would be filing the instant motion to dismiss. (Doc. 77 at 4.) Homeowner Intervenors sought a copy of the policyholder release, which Hanover and Defendants agreed to provide pursuant to stipulated protective order in the Underlying Actions. (Doc. 75 at 3; Doc. 76-1.) Homeowner Intervenors initially agreed to this approach but have changed their position and will not stipulate to a protective order. (*Id.*) Homeowners Intervenors now argue that Movants should be compelled to disclose an unrestricted copy of the policyholder release under the discovery rules. (*Id.*)

On March 31, 2025, having reached a settlement agreement, Hanover and Defendants jointly moved to dismiss this case pursuant to Rule 41(a)(2). (Doc. 74.) Homeowner Intervenors object. (Doc. 77.) A motion hearing was held on April 22, 2025, in Missoula, Montana.

4

ANALYSIS

There are three pending questions: (1) whether dismissal of the primary action is appropriate over Homeowner Intervenors' objection, (2) if the primary action is dismissed, whether Homeowner Intervenors' counterclaims should be dismissed, and (3) whether Movants should be compelled to produce the policyholder release to Homeowner Intervenors in the absence of a stipulated protective agreement. Ultimately, the matter is dismissed as outlined below and disclosure is not compelled.

**I.   Dismissal under Rule 41**

If a complaint has been answered, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court[,]" *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982), and such a motion should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result," *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

As to the dismissal of counterclaims, Rule 41 states that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). Although Rule 41 "generally contemplates that any counterclaims will remain pending if a plaintiff chooses to pursue voluntary dismissal of her claims[,]" *Toyo Tire & Rubber Co. v. Doublestar Dong Feng Tyre Co.*, 2018 WL 1896310, at *5 (C.D. Ca. Mr. 28, 2018) (internal quotation marks omitted), a district court is within its discretion to dismiss a counterclaim for declaratory judgment where subsequent events put an end to the justiciable controversy pursuant to the Declaratory Judgment Act, *McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 342 (9th Cir. 1966) (citing 28 U.S.C. § 2201). The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction," a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

Homeowner Intervenors do not frame their objection to dismissal in the context of Rule 41 or discuss plain legal prejudice; rather, they argue that they have a direct right of action under the Policy and that the policyholder release is unenforceable under Montana law. Movants argue that dismissal is proper under

6

Rule 41 because Homeowner Intervenors will not suffer plain legal prejudice, and that Homeowner Intervenors' counterclaims may be dismissed pursuant to the Declaratory Judgment Act because, following settlement, an actual controversy is no longer present. Ultimately, Movants are correct that Homeowner Intervenors will not suffer plain legal prejudice if the action is dismissed, and Homeowner Intervenors' counterclaims must be dismissed pursuant to the Declaratory Judgment Act.

### a. Prejudice

#### i. Homeowner Intervenors' Rights Under the Policy

Homeowner Intervenors argue that their rights are not derivative of Defendants' rights under the Policy, as asserted by Hanover and Defendants, but that they have a "direct right of action" under the Policy. (Doc. 77 at 8.) Movants argue that Homeowner Intervenors have no rights under the Policy because they are neither insureds nor beneficiaries. Ultimately, Movants are correct, and no plain legal prejudice is found.

The Policy here contains a "Legal Action Against Us" provision, which states, in relevant part, "[a] person or entity may sue Us to recover on an agreed settlement or on a final judgment against an Insured." (Doc. 23-1 at 18.) This provision provides Homeowner Intervenors with a right to sue Hanover to recover on an agreed settlement or final judgment against Defendants. However, no such

7

settlement agreement or final judgment against Defendants has been entered in the Underlying Actions. Under the plain meaning of this provision, Homeowner Intervenors do not yet have a direct right pursuant to this provision. Homeowner Intervenors even seem to implicitly concede this point as they cite to *State ex rel. Fitzgerald v. District Court of Eighth Judicial District*, in which the Montana Supreme Court found that only after "judgment had been entered" against the insured was "a judgment creditor of the insured" entitled to "a contractual right under [the insurance] policy to sue the [insurance] company directly." 703 P.2d 148, 158 (Mont. 1985).

Homeowner Intervenors are also not entitled to enforce any other rights under the Policy because they are not third-party beneficiaries. The Montana Supreme Court has explained that "[t]here is a plain distinction between a promise, the performance of which may benefit a third party, and a promise made expressly for the benefit of a third party." *McKeever v. Or. Mortg. Co.*, 198 P. 752, 753 (Mont. 1921) (internal quotation marks omitted). A third-party beneficiary "must show from the face of the contract that it was intended to benefit him." *ALPS Prop. & Cas. Ins. Co. v. McLean & McLean, PLLP*, 425 P.3d 651, 662 (Mont. 2018) (internal quotation marks omitted). Here, Homeowner Intervenors are not named insureds and are not identified in the Policy in any way. (*See generally* Doc. 23-1.) Thus, because Homeowner Intervenors fail to demonstrate from the

8

face of the Policy that it was intended to benefit them, *see ALPS Prop. & Caus. Ins. Co.*, 425 P.3d at 662, they are not third-party beneficiaries of the Policy.

Because Homeowner Intervenors are not entitled to sue Hanover pursuant to the "Legal Action Against Us" provision or as third-party beneficiaries, there is no "legal interest, [] legal claim, [or] legal argument[,]" *Westlands*, 100 F.3d at 97, which can be prejudiced here. Indeed, as it relates to possible future action taken by Homeowner Intervenors if settlement or judgment against Defendants is rendered in the Underlying Actions, "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Id.* at 96. Accordingly, Homeowner Intervenors will not suffer plain legal prejudice on this ground if the case is dismissed.

### ii. Enforceability of Settlement Agreement

Both the Movants and Homeowner Intervenors agree that the enforceability of the policyholder release is not at issue in the context of this motion. Indeed, Homeowner Intervenors state that they "are not seeking to litigate the enforceability of the 'policyholder release' in the context of the present Joint Motion to Dismiss because the indemnity issues arising out of the underlying cases are not yet ripe." (Doc. 77 at 7.) Further, at the April 22, 2025 hearing, counsel for Homeowner Intervenors again conceded that the indemnity issues are not yet ripe and affirmed that Homeowner Intervenors were not litigating the

9

enforceability of the policyholder release at this time. Because the indemnity issues are not ripe, Homeowner Intervenors have no "legal interest, [] legal claim, [or] legal argument" as to the enforceability of the policyholder release. *See Westlands*, 100 F.3d at 97. Accordingly, the Homeowner Intervenors will not suffer plain legal prejudice on this ground if the case is dismissed.

### iii. Failure to Produce Policyholder Release

Movants correctly argue that Homeowner Intervenors will not suffer legal prejudice if the present action is dismissed without production of an unrestricted copy of the policyholder release. (Doc. 80 at 3.) As explained below, Rule 26 does not require Movants to produce the policyholder release.

### b. Dismissal of Homeowner Intervenors' Counterclaims

If Movants' motion is granted, the question then becomes whether Homeowner Intervenors' counterclaims should be dismissed. In their Response, Homeowner Intervenors do not directly address whether an actual controversy would remain in the absence of the primary claims. (*See generally* Doc. 77.) At the April 22, 2025 hearing, counsel for Homeowner Intervenors stated that he does not "necessarily disagree" that if this case is dismissed then the counterclaims should also be dismissed without prejudice because the Court would lack jurisdiction over them. Movants argue that Homeowner Intervenors' counterclaims can be properly dismissed pursuant to the Declaratory Judgment Act

10

are they third-party beneficiaries. Thus, a "substantial controversy" does not exist here because there are no "adverse legal interests" present between the parties, and there is no controversy at all, let alone one of "sufficient immediacy and reality" to warrant declaratory judgment. *See Central Mont. Elec. Power Co-op.*, 840 F.2d at 1474. In a case with similar facts, United States Magistrate Judge Carolyn Ostby found that any relief sought in this context "is not concrete because there may or may not be a judgment against" the insured. *Yellowstone Dev., LLC v. United Fire & Cas. Co.*, 2011 WL 13077970, at *2 (D. Mont. Aug. 11, 2011). Thus, Homeowner Intervenors' counterclaims are "hypothetical," *see id.*, and do not present a "substantial controversy" that warrants declaratory judgment, *Central Mont. Elec. Power Co-op.*, 840 F.2d at 1474.

Accordingly, there is no justiciable controversy between Homeowner Intervenors and Hanover, and the counterclaims are dismissed without prejudice pursuant to the Declaratory Judgment Act.

## II. Production Pursuant to Rule 26

Rule 26 of the Federal Rules of Civil Procedure governs discovery in civil litigation. Under this Rule, unless otherwise exempted, "a party must, without awaiting a discovery request, provide to the other parties . . . any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made

12

to satisfy the judgment[,]" Fed. R. Civ. P. 26(a)(1)(A)(iv), and "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[,]" Fed. R. Civ. P. 26(a)(1)(A)(ii). Rule 26(e) further provides that "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Here, once advised of the policyholder release, Homeowner Intervenors sought a copy of it. (Doc. 75 at 3; Doc. 76-1.) Movants agreed to provide a copy of the policyholder release pursuant to protective order. (*Id.*) Homeowner Intervenors were initially open to this approach, but changed their position and are currently unwilling to stipulate to a protective order. (Doc. 75 at 3; *see* Doc. 76-1.) The parties could have resolved this dispute themselves by negotiating the protective order, but they did not.

13

Based on the analysis above, this action and the counterclaims are dismissed, mooting Homeowner Intervenor's request for disclosure of the policyholder release under Rule 26.[1]

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Hanover and Defendants' joint motion to dismiss, (Doc. 74), is GRANTED, and the above-captioned case is DISMISSED WITH PREJUDICE. Homeowner Intervenors' counterclaims are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that all pending motions are DISMISSED AS MOOT, the July 28, 2025 trial is VACATED, and all deadlines are VACATED.

DATED this 23rd day of April, 2025.

_____
Donald W. Molloy, District Judge
United States District Court

---

[1] Even if this were not the case, Movants are not obligated to produce the policyholder release pursuant to Rule 26. Homeowner Intervenors' three arguments as to this obligation fail because the policyholder release is not an "insurance agreement" within the meaning of Rule 26(a)(1)(A)(iv), Homeowner Intervenors do not present arguments sufficient to overcome the public policy against disclosure of confidential settlement agreements to warrant disclosure under Rule 26(a)(1)(A)(ii) without protective order, and because the policyholder release is not a modification to the Policy it does not render "some material respect" of a "disclosure or response . . . incomplete or incorrect" under Rule 26(e)(1)(A).